UNITED STATES DISTRICT COURT SOUTHERN DISTRICT COURT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY GRAY, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> NATIONAL BOARD OF OSTEOPATHIC § <br> MEDICAL EXAMINERS, § <br> DEFENDANT. § | CAUSE NO. _____ <br><br> 1:13-cv-1429 RLY-MJD |

## ORIGINAL COMPLAINT

**To the Honorable United States District Court Judge:**

Plaintiff, Courtney Sloan Gray ("Sloan"), files her Original Complaint against Defendant, National Board of Osteopathic Medical Examiners ("NBOME") and respectfully states the following.

### NATURE OF THE ACTION

1. This is an action for injunctive relief, attorneys' fees and costs incurred in bringing this action based on NBOME's refusal to provide reasonable accommodations to Gray pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Gray was a medical student at the Texas College of Osteopathic Medicine ("TCOM"). The NBOME illegally refused to accommodate Gray's learning disability by refusing to provide Gray additional time to take the COMLEX Level 1. Gray seeks an injunction prohibiting the NBOME from continuing its violation of her ADA rights and compelling NBME to allow Gray to take the examination with appropriate accommodations. NBOME's actions are in violation of the ADA, including 42 U.S.C. § 12189.

### PARTIES

2. Gray completed the second year of instruction at TCOM. GRAY, who has been diagnosed with a learning disability, took the exam three times under standard testing conditions after NBOME illegally denied her accommodations. She did not pass on any of the three attempts. As a result, she was dismissed from TCOM. Gray's learning disability impairs her ability to the point that her competence level is below that expected in comparison to most people and is a disability within the meaning of the ADA. 42 USC §12102(2).

3. NBOME is non-profit organization with its corporate offices headquartered in Chicago, Illinois. NBOME administers the COMLEX, a three-level examination, the successful completion of which is required for medical licensure in the United States. Additionally, the level of performance on the COMLEX is a primary determinant of the quality of institution for which a candidate will be accepted for residency training. Defendant has previously administered and will administer the COMLEX Level 1 exam within the boundaries of this judicial district.

4. NBOME may be served by sending a certified copy of the summons and this complaint by certified mail to NBOME at 8765 West Higgins Road, Chicago, Illinois 60631

## SUBJECT MATTER JURISDICTION AND VENUE

5. This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, and a valid forum selection clause agreed to by Gray and NBOME.

## FACTUAL ALLEGATIONS

7. Gray completed her second year of instruction at TCOM. As part of her preparation for the third year of medical school, Gray was required to take the COMLEX Level 1 exam. She took this exam on three separate occasions but has been unable to achieve a passing score. On her third attempt, Gray missed a passing score by only two points (one question). In fact, while awaiting the results of her final effort, Gray received accommodations on her rotation exams and received scores of 90%, 82% and 76%, respectively. It is important to note that these rotation exams contained COMLEX Level 2 content. Because of her learning disabilities, described below, Gray had requested that, under the ADA, the NBOME provide her with additional time to take the exam. These requests have been denied. As a result, Gray was dismissed from TCOM.

8. The specific learning disabilities afflicting Gray include dyslexia, processing deficits, AD/HD and learning disorder, not otherwise specified.

9. Students at TCOM (as in many medical schools in the United States) are requested to take and pass the COMLEX Level 1 exam before starting the third year of medical school. The third year of school consists of "rotations," i.e., medical education through the

**Original Complaint - Page 2**

practical application of the principles learned in the classroom. TCOM requests COMLEX Level 1 be taken before the third year begins to avoid interfering with the third year studies. Passing the COMLEX Level 1 is a prerequisite to completing the third year, obtaining residency admission, and being able to sit for the remaining COMLEX examinations.

10. The NBOME develops and administers the COMLEX Level 1 exam at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

11. The NBOME recognizes the right of disabled persons to accommodations by providing an application on which examinees can request test accommodations for the COMLEX exams, including accommodations for learning disabilities like those suffered by Gray.

12. Gray has previously taken the COMLEX Level 1 exam and came very close to passing. Gray is currently not registered to take this exam because she was dismissed from TCOM. NBOME's illegal denial of Gray's requests for reasonable accommodations will make it impossible for her to finish medical school.

13. The facts establish that Gray has definite learning disabilities that substantially limit her major life activities of learning as compared to most people. Under the ADA, Gray is entitled to a reasonable accommodation of additional time to take the COMLEX Level 1 exam. NBOME's refusal to provide Gray with the accommodation of extra time for the exam, despite knowing of Gray's documented learning disabilities that are protected under the ADA, is a violation of Gray's rights under the ADA.

14. Gray will be unable to complete her medical school education in the same manner as her classmates if she does not successfully complete the COMLEX Level 1 exam. Moreover, she will be placed at a distinct disadvantage of competing for quality residency positions if she must take the exam without accommodation for her disability. In the worst case scenario, Gray's medical career and dream could end if she is unable to pass the COMLEX Level 1 exam, due to NBOME's refusal to accommodate her disability as required by the ADA.

## COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

15. Gray incorporates by reference the foregoing paragraphs.

16. Gray is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of her major life functions, namely, learning disabilities that substantially limit her major life function of learning..

17. Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the COMLEX Level 1 exam as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

18. The NBOME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the COMLEX exams.

19. Pursuant to 28 C.F.R. § 36.309(b), the NBOME must assure that any examination is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

20. One reasonable accommodation for a disabled person, such as Gray, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

21. Gray has a learning disability that substantially limits her major life activities of learning. Gray's condition, which has been diagnosed through testing, examination and evaluation by experts in this field, constitutes a disability within the meaning of the ADA.

22. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

23. As noted above, Gray has a learning disability that substantially impairs a major life activity. Her disability precludes her from learning in the same manner and in the same

amount of time as most people. This learning disability substantially limits her activity of learning, in comparison to most people and certainly in comparison to her peers, other medical students taking the COMLEX exams.

24. Failure in passing the COMLEX exams necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the COMLEX exams is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the COMLEX exams is a primary determinant of a candidate's job opportunities for residency. Thus, Gray's entire future livelihood as a medical doctor rests on this exam.

25. Gray made formal written request of NBOME for reasonable accommodation for her disability in connection with taking the exam, i.e., two times the standard time to take the exam, an accommodation NBOME has made to some people who have requested the accommodation.

26. The NBOME's refusal to provide the reasonable test accommodations Gray requested for the exam constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

27. Gray will be irreparably harmed if the NBOME continues its illegal refusal to provide her the reasonable test accommodation as requested and unless this Court grants injunctive relief prohibiting the continued violation of Gray's ADA rights and compelling the NBOME to provide the requested accommodation, in that (a) Gray's medical school career will be placed on hold because a passing score on the COMLEX Level 1 exam is a prerequisite to continuing her medical school education; (b) given her history with prior examinations, including the COMLEX Level 1 exam, Gray is justifiably concerned that she will not pass the exam without the additional extra time accommodation to which she is entitled under the ADA; (c) Gray's opportunity to engage in her career of choice is effectively on hold until the NBOME is compelled to comply with the ADA; (d) Gray will be unable to continue the same pace of her medical school career as hers peers if she is unable to pass the exam at this time; (e) requiring Gray to take the exam without accommodation puts her at distinct disadvantage given her disability; and (f) reduced performance on the exam as a result of not receiving accommodation significantly reduces Gray's future residency and professional career options.

28. The NBOME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

29. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly

and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBOME to continue its unlawful refusal to provide Gray with the ADA accommodations to which she is justly entitled.

30. As a result of the NBOME's violation of the ADA, Gray suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

40. The NBOME in denying Gray's' request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Gray's ADA rights.

41. Gray is entitled to and hereby requests that the Court enter a permanent injunction directing that NBOME cease and desist its refusal to accommodate Gray's request for an accommodation on the COMLEX Level 1 exam and any future COMLEX examinations to be taken by Gray and that the NBOME comply with the ADA by providing Gray's requested accommodation with regard to the COMLEX Level 1 exam and future COMLEX examinations for which Gray is otherwise entitled to sit and for which she otherwise makes proper application.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

42. Gray incorporates by reference the foregoing paragraphs.

43. 42 U.S.C. § 12188(a)(1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Gray is entitled to recovery and, hereby, does request recovery of all reasonable attorneys' fees, costs, and expenses incurred in the bringing and prosecution of this action.

WHEREFORE, PREMISES CONSIDERED Gray requests that this Court grant judgment in her favor and against NBOME as follows:

A. enter judgment in the form of a permanent injunctive order against NBOME directing NBOME to immediately cease and desist from its refusal to accommodate Gray's' request for accommodation on the COMLEX Level 1 exam and any future COMLEX exams for which Gray is otherwise entitled to sit and for which she has made proper application and ordering NBOME to comply with the ADA by allowing Gray the requested accommodation of two times the standard time to take any of the COMLEX exams.

B.  enter judgment against NBOME awarding such damages as may be proven by Gray and to which she is entitled;

C.  enter judgment against the NBOME awarding Gray recovery of her reasonable attorneys' fees, costs and expenses incurred in bringing and prosecuting this litigation; and

D.  awarding such other and further relief as may be appropriate, in law or in equity, to which Gray may otherwise be entitled.

Respectfully submitted,

_____
Vincent E. Nowak, SBOT# 15121550
1301 Daws Drive
Amarillo, Texas 79124
806.679.7914
806.356.9112 (Fax)