IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY GRAY,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.   )<br>  )<br>NATIONAL BOARD OF  )<br>OSTEOPATHIC MEDICAL  )<br>EXAMINERS,  )<br>  )<br>Defendant.  )<br>_____ ) | Case No.: 1:13-CV-01429-RLY-MJD |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, National Board of Osteopathic Medical Examiners ("NBOME"), by counsel, for its Answer to Plaintiff's Complaint states as follows:

### AS TO PLAINTIFF'S "NATURE OF THE ACTION" ALLEGATION

1. Defendant admits the Plaintiff has filed an action against Defendant seeking injunctive relief under Title III of the ADA. Defendant admits that Plaintiff was a medical student at the Texas College of Osteopathic Medicine ("TCOM"). Defendant denies any remaining allegations contained within rhetorical paragraph 1 of Plaintiff's Complaint.

### AS TO PLAINTIFF'S "PARTIES" ALLEGATION

2. Defendant admits that Plaintiff took the COMLEX-USA Level 1 examination on three separate occasions under standard testing conditions and has been unable to achieve a passing score on any of the three attempts. Defendant denies any remaining allegations contained within rhetorical paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that it is a non-profit organization and that it is incorporated in and conducts business in Indiana, but states that its executive office is located in Philadelphia, Pennsylvania. Defendant further admits that it administers the COMLEX-USA, a three-level examination. Defendant denies any remaining allegations contained within rhetorical paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained within rhetorical paragraph 4 of Plaintiff's Complaint.

## AS TO PLAINTIFF'S "SUBJECT MATTER JURISDICTION AND VENUE" ALLEGATIONS

5. Defendant admits the Court has jurisdiction over this matter and denies any remaining allegations of rhetorical paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the Court has jurisdiction over this matter and denies any remaining allegations of rhetorical paragraph 6 of Plaintiff's Complaint.

## AS TO PLAINTIFF'S "FACTUAL ALLEGATIONS"

7. Defendant admits that Plaintiff took the COMLEX-USA Level 1 examination on three separate occasions under standard testing conditions and has been unable to achieve a passing score on any of the three attempts. Defendant admits that Plaintiff requested additional time to take the COMLEX-USA Level 1 examination which requests were denied by Defendant. Defendant denies any remaining allegations contained within rhetorical paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations of rhetorical paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that passing the COMLEX-USA Level 1 is a prerequisite to being able to sit for the remaining COMLEX examinations. Defendant is

without sufficient information to admit or deny the remaining allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations of rhetorical paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it provides an application on which examinees can request test accommodations for the COMLEX-USA Level 1 examination. Defendant denies any remaining allegations contained within rhetorical paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Plaintiff took the COMLEX-USA Level 1 examination on three separate occasions under standard testing conditions and has been unable to achieve a passing score on any of the three attempts. Defendant has been advised that Plaintiff is no longer a student at TCOM. Defendant denies any remaining allegations contained within rhetorical paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations of rhetorical paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations of rhetorical paragraph 14 of Plaintiff's Complaint.

**AS TO PLAINTIFF'S "COUNT I -VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF" ALLEGATIONS**

15. Defendant incorporates herein its answer to rhetorical paragraphs 1 through 14 of its Answer to Plaintiff's Complaint.

16. Defendant denies the allegations of rhetorical paragraph 16 of Plaintiff's Complaint.

17. Defendant denies any allegations of rhetorical paragraph 17 of Plaintiff's Complaint to the extent they are inconsistent with the law applicable in this matter.

18. Defendant denies any allegations of rhetorical paragraph 18 of Plaintiff's Complaint to the extent they are inconsistent with the law applicable in this matter.

19. Defendant denies any allegations of rhetorical paragraph 19 of Plaintiff's Complaint to the extent they are inconsistent with the law applicable in this matter.

20. Defendant denies the allegations of rhetorical paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations of rhetorical paragraph 21 of Plaintiff's Complaint.

22. Defendant denies any allegations of rhetorical paragraph 22 of Plaintiff's Complaint to the extent they are inconsistent with the law applicable in this matter.

23. Defendant denies the allegations of rhetorical paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained within rhetorical paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that Plaintiff made a written request for accommodation of the COMLEX-USA Level 1 examination and that Defendant denied Plaintiff's requests. Defendant denies any remaining allegations contained within rhetorical paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations of rhetorical paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations of rhetorical paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations of rhetorical paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations of rhetorical paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations of rhetorical paragraph 30 of Plaintiff's Complaint.

40. Defendant denies the allegations of rhetorical paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations of rhetorical paragraph 41 of Plaintiff's Complaint.

### AS TO PLAINTIFF'S "COUNT II - REQUEST FOR ATTORNEY'S FEES" ALLEGATIONS

42. Defendant incorporates herein its answer to rhetorical paragraphs 1 through 41 of its Answer to Plaintiff's Complaint.

43. Defendant denies the allegations of rhetorical paragraph 43 of Plaintiff's Complaint.

### ADDITIONAL DEFENSES

Defendant, National Board of Osteopathic Medical Examiners ("NBOME") for its answer and additional defenses to Plaintiff's Complaint states:

1. Any claimed cause of action for acts which are outside the statute of limitations are barred.

Case 1:13-cv-01429-RLY-MJD   Document 22   Filed 12/12/13   Page 6 of 7 PageID #: 74

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. To the extent that an answer or response may be required which is not set forth herein, Defendant denies any allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

4. Any of Plaintiff's claims and causes of actions that are barred by her failure to satisfy any and all prerequisites under Title III and/or other applicable law.

5. Plaintiff is not otherwise qualified to take the COMLEX-USA Level 1 examination because she is no longer a student in good standing.

6. Plaintiff is not entitled to the relief requested in the Complaint by reason that there was no violation of Title III by Defendant.

7. Plaintiff's requested accommodations would fundamentally alter the examination.

8. Plaintiff's requested accommodations would result in an undue burden on Defendant.

9. Plaintiff's requested accommodations would affect the factors that the examination purports to measure.

10. Defendant would be entitled to attorney fees as prevailing party under Title III of ADA.

WHEREFORE, Defendant, by counsel, respectfully requests that the Plaintiff take nothing by way of the Complaint, that judgment be entered in its favor, and that the Court grant all other just and proper relief.

131287 / 2218549-1                    6

Respectfully submitted,

KIGHTLINGER & GRAY, LLP


By: /s/ Kristen M. Carroll
Kristen M. Carroll, Atty. #23129-49-A
Robert M. Kelso, Atty. #5441-49
Attorneys for Defendant,
National Board of Osteopathic Medical Examiners

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been forwarded to the following by placing same in the United States Mail, postage prepaid, this 12th day of December, 2013:

Vincent Nowak
1301 Daws Drive
Amarillo, TX 79124
venowak@gmail.com

Sydney L. Steele
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
ssteele@kgrlaw.com


/s/ Kristen M. Carroll
Kristen M. Carroll/Robert M. Kelso

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN  46204
(317) 638-4521
(317) 636-5917 fax
kcarroll@k-glaw.com
rkelso@k-glaw.com